IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EMMANUEL E. SEWELL | * | |
| Plaintiff | * | |
| v | * | Civil Action No. DKC-11-614 (Consolidated case: DKC-11-632) |
| WARDEN | * | |
| Defendant | * | |

## MEMORANDUM OPINION

Pending is Plaintiff's court-ordered supplement. ECF No. 6 and 7. Plaintiff includes with his motion a verified Inmate Account Statement indicating that the six month average deposits were zero and the six-month average balance is twenty-six cents. ECF No. 7. In light of the administrative cost associated with collecting a partial fee and the low balance in Plaintiff's account, the motion to proceed in forma pauperis shall be granted.

Plaintiff's amended Complaint names the following individuals as Defendants: J. Michael Stouffer, Bobby P. Shearin, Richard R. Graham, Jr., Lt. J. L. Harbaugh, Lt. D. Durst, Lt. Yachench, Lt. Haggard, Sgt. Simmons, Sgt R. R. Shank, Sgt R. H. Liphold, Jr., Sgt. Lancaster, Sgt. G. B. McAlpine, Sgt M. Bulger, Sgt. D. L. Smith, Sgt. McKenzie, CO II L. Girvin, CO II P. Deist, CO II J. A. Friend, CO II R. Keefer, COII J. W. Pritts, COII Kisner, COII R.R. Hollins, COII T. A. Mellot, CO II J.A. Kennell, CO II Peters, Kalbaugh, M. Hubner, Smith, Jodi Stouffer, Tina M. Geraghty, Susie Cunningham, Sharon Baucom, Mary Joe Sabettelli, Dr. Ben Oteyza, Dr. Majid Arnaout, P.A. Greg Flury, Nurse Steven Bray, Nurse Africa, Nurse Christina B., Nurse Janice Gilmore, Dr. James Holwager, Sherry Heffercamp, Laura Moulden, Steven Z. Meehan, Joseph B. Tetrault, and Pauline K. White. ECF No. 6 at pp. 5—6. The Clerk will be directed to amend the docket to reflect the named Defendants.

Plaintiff has filed a Motion for Appointment of Counsel. ECF No. 5. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. District Court*, 490 U.S. 296, 298 (1989). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id*.

Upon careful consideration of the motions and previous filings by Plaintiff, the court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending before the court are not unduly complicated and no hearing is necessary to the disposition of this case. Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Plaintiff under §1915(e)(1).

The claims asserted against Steven Z. Meehan, Joseph B. Tetrault and Pauline K. White, who are attorneys for P.R.I.S.M., Inc., must be dismissed. Plaintiff asserts that the attorneys at PRISM were made aware of his difficulties in filing administrative remedy complaints and seeking redress for the alleged injuries he received as a result of improper medical care, but did not respond to his requests for assistance. Plaintiff claims their failure deprived him of his constitutional right to due process. *Id*. at pp. 21—23. He further states they failed to protect him from unjust and onerous conditions of confinement. *Id*. Attorneys appointed by the state or

---

[1] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

privately hired do not act under color of state law within the meaning of 42 U.S.C. §1983. *See Polk County v. Dodson*, 454 U.S. 312, 324—25 (1981) (public defenders); *Deas v. Potts*, 547 F. 2d 800 (4th Cir. 1976) (privately retained attorney). In *Polk* the Supreme Court held that the fact that the attorney being sued was employed by the state did not alone establish sufficient support for state action and the proper focus should be on the nature and context of the function the attorney is performing. *See Polk* at 325. The adversarial relationship between the public defender's office and the state in the context of representation of criminal defendants precludes a finding of state action for that function. *But see Branti v. Finkel*, 445 U.S. 507 (1980) (Public defender is a state actor in context of personnel decisions). Likewise, the adversarial relationship between PRISM and the Maryland Division of Correction when they are engaged in advising prisoners on their civil claims precludes a finding of state action. *See Georgia v. McCollum*, 505 U.S. 42, 54 (1992). By separate Order which follows, the claims against Meehan, Tetrault and White will be dismissed.

    The Clerk will be directed to add to the docket the remaining defendants named and to effect service of process as set forth therein.

Date: __April 13, 2011__              __/s/__
                                                   DEBORAH K. CHASANOW
                                                   United States District Judge